IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| DANIELLE CARROLL,<br>402 Ashland Avenue, Apt. D2,<br>Wapakoneta, Ohio 45895 | : <br> : <br> : <br> : | CASE NO.: |
| Plaintiffs, | : <br> : | |
| -vs- | : <br> : | JUDGE |
| L&G TRUCKERS, INC.,<br>1775 Bellefontaine St.,<br>Wapakoneta, Ohio 45895 | : <br> : <br> : <br> : | COMPLAINT FOR DAMAGES WITH JURY,<br>DEMAND ENDORSED HEREON |
| AND | : <br> : | |
| SHERRI S. FISHER,<br>229 W. Warren St.,<br>Celina, Ohio 45822 | : <br> : <br> : <br> : | |
| AND | : <br> : | |
| ALYSSA McDERMOTT,<br>1775 Bellefontaine St.,<br>Wapakoneta, Ohio 45895 | : <br> : <br> : <br> : | |
| Defendants. | : | |

Now comes the Plaintiff, Danielle Carroll, by and through her undersigned counsel, and for her Complaint against Defendants, states and avers the following:

1. Plaintiff is a resident of the city of Wapakoneta, Auglaize County, Ohio.

CORY, MEREDITH, WITTER & SMITH L.P.A.

2. Defendant L&G Truckers, Inc. is an Ohio Domestic Corporation with its principal place of business located at 1775 Bellefontaine St., Wapakoneta, Ohio 45895.

3. Defendant Sherri S. Fisher is a resident of the city of Celina, Mercer County, Ohio.

4. Defendant Alyssa McDermott is a resident of the city of Wapakoneta, Auglaize County, Ohio.

5. Defendants Sherri S. Fisher and Alyssa McDermott were at all times pertinent herein employees of Defendant L&G Truckers, Inc. and coworkers of Plaintiff.

**JURSIDICTION & VENUE**

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

7. All material events alleged in this Complaint occurred in Auglaize County, Ohio.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are so closely related to her federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

10. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Ohio Civil Rights Commission ("OCRC").

11. On or about January 12, 2023, the Plaintiff received her right to sue letter attached hereto as Plaintiff's Exhibit 1.

12. Plaintiff has filed this Complaint within ninety (90) days of the issuance of the Notice of Right to Sue Letter.

**FACTS**

13. Plaintiff was hired by Defendant L&G Truckers, Inc. in or about April of 2021.

14. Plaintiff was initially employed as an hourly sever.

15. Throughout her employment with Defendant L&G Truckers, Inc., Plaintiff was required to work alongside Defendants Sherri S. Fisher and Alyssa McDermott.

16. Defendants Sherri S. Fisher and Alyssa McDermott would routinely harass, embarrass, and spread disparaging rumors regarding Plaintiff in the workplace.

17. In or about July of 2022, Plaintiff was informed by a newly employed server that Defendants Sherri S. Fisher and Alyssa McDermott had been telling third parties that Plaintiff was engaged in the practice of selling sexually explicit photographs and videos of herself to customers of Defendant L&G Truckers, Inc.

18. This allegation was blatantly false and intentionally made to damage the reputation of Plaintiff and, upon information and belief, to get Plaintiff fired.

19. Plaintiff immediately reported this harassing and discriminatory behavior to her immediate supervisor, who assured her that the situation would be handled appropriately.

20. After discovering that Plaintiff had reported their harassing behavior, Defendants Sherri S. Fisher and Alyssa McDermott continued to harass the Plaintiff in an attempt to get her to recant her statement or instigate a physical altercation so there would be grounds to terminate Plaintiff.

21. Plaintiff did not respond to either Defendant or would vacate a premises if she encountered them outside of work. Plaintiff made a request to be placed on a different schedule than Defendants Sherri S. Fisher and Alyssa McDermott, while awaiting a resolution of the matter.

22. Less than a week after reporting the harassing and discriminatory behavior of Defendants Sherri S. Fisher and Alyssa McDermott to her immediate supervisor, Plaintiff was terminated by Defendant L&G Truckers, Inc.

23. Plaintiff's notice of termination came the day after speaking to the owner of Defendant L&G Truckers, Inc., Tom Panos, about the behavior of Defendants Sherri S. Fisher and Alyssa McDermott.

24. Upon information and belief, Defendant Sherri S. Fisher had an existing sexual relationship with Tom Panos, the owner of Defendant L&G Truckers, Inc.

25. Upon being notified of her termination, Plaintiff contacted each of her immediate supervisors and Tom Panos, inquiring as to why she had been terminated.

26. Plaintiff's immediate supervisors could not provide a reason for her termination and indicated that Tom Panos had made the decision to terminate Plaintiff.

27. Tom Panos stated that Plaintiff's immediate supervisors had decided to terminate her and denied having made the decision, informing Plaintiff she would have to ask them why she was terminated.

28. The ownership of Defendant L&G Truckers, Inc. and its management provided contradictory explanations of who had made the decision to terminate Plaintiff and the grounds of her termination.

29. Following her report of sexual harassment, Plaintiff did not engage in any behavior that resulted in her being written up at work nor did she break any of the rules of her employment.

30. Plaintiff was terminated in retaliation for making a protected complaint.

31. On a prior occasion, while working for Defendant L&G Truckers, Inc., Defendants Sherri S. Fisher and Alyssa McDermott were caught telling third parties that Plaintiff was engaged in the practice of selling sexually explicit photographs and videos of herself to customers of Defendant L&G Truckers, Inc.

32. Plaintiff had reported this harassing and discriminatory behavior to her immediate supervisor and Defendant L&G Truckers, Inc. determined that the allegations were untrue and assured Plaintiff that it would not happen again. Defendants Sherri S. Fisher and Alyssa McDermott were not subjected to any discipline because of their harassing and discriminatory behavior.

33. Defendant L&G Truckers, Inc. failed to take any steps to prevent and correct the aforementioned sexually harassing behavior.

34. Defendant L&G Truckers, Inc. ratified the discriminatory conduct of its owner and employees when it terminated Plaintiff for making a protected complaint of sexual harassment.

## COUNT I: HOSTILE WORK ENVIRONMENT

35. Plaintiff restates and reavers her foregoing allegations as if fully rewritten herein.

36. During her employment with Defendant L&G Truckers, Inc., Plaintiff was subjected to a hostile work environment as a result of Defendant's failure to police its workplace and allowing the workplace to become permeated with discriminatory intimidation, ridicule, and insult that were severe and pervasive.

37. Defendant L&G Truckers, Inc. would routinely allow senior employees, like Defendants Sherri S. Fisher and Alyssa McDermott, to single out employees on the basis of sex and treat them in a discriminatory manner without reprisal.

38. Defendant L&G Truckers, Inc., through its ownership and supervisors, showed favoritism to employees who were involved in sexual relationships with management.

39. As a woman, Plaintiff is a member of a protected class.

40. Plaintiff was subjected to unwelcome harassment, including but not limited to the disparaging and discriminatory behavior of Defendants Sherri S. Fisher, Alyssa McDermott, and Tom Panos as owner of Defendant L&G Truckers, Inc.

41. The discriminatory conduct directed to Plaintiff was charged with anti-female animus, based entirely upon sex, and attempted to depict the Plaintiff as a "sex worker".

42. Similar harassing conduct was not directed towards male employees of Defendant L&G Truckers, Inc.

43. Defendants conduct unreasonably interfered with Plaintiff's work performance, leading her to ask for a schedule change due to her severe discomfort.

44. Defendant L&G Truckers, Inc. was notified of identical behavior on a prior occasion and failed to take any corrective action.

45. When notified of the incident in July of 2022, Defendant L&G Truckers, Inc. took no corrective action, instead deciding to terminate Plaintiff in retaliation for making a protected complaint to her immediate supervisor and ownership.

46. Defendant L&G Truckers, Inc. have a pattern and/or practice of allowing and perpetuating a hostile work environment towards women.

47. Defendant L&G Truckers, Inc. violated 42 U.S.C. 2000e-2 et seq. and O.R.C. 4112.01 et seq. when they subjected Plaintiff to a hostile work environment.

## COUNT II: QUID PRO QUO SEXUAL HARASSMENT

48. Plaintiff restates and reavers her foregoing allegations as if fully rewritten herein.

49. Plaintiff is a member of a protected class.

50. Defendant L&G Truckers, Inc. gave preferential treatment to female employees who submitted or became involved in sexual relationships with management and the company's owners.

51. Plaintiff did not submit to a sexual relationship with the managers or owners of Defendant L&G Truckers, Inc., which resulted in her receiving less favorable treatment.

52. When Plaintiff reported the sexually harassing behavior of Defendants Sherri S. Fisher, Plaintiff was terminated rather than Defendant Sherri S. Fisher.

53. Defendant Sherri S. Fisher had represented to Plaintiff on multiple occasions that she had an ongoing affair with Tom Panos, the owner Defendant L&G Truckers, Inc.

54. According to Plaintiff's immediate supervisors, it was Tom Panos who made the decision to terminate her after making a protected complaint.

55. Plaintiff was given less favorable treatment than Defendant Sherri S. Fisher, who was sexually involved with the owner of Defendant L&G Truckers, Inc.

56. Defendant L&G Truckers, Inc. violated 42 U.S.C. 2000e-2 et seq. and O.R.C. 4112.01 et seq.when they subjected Plaintiff to a quid pro quo sexual harassment.

## COUNT III: RETALIATION

57. Plaintiff restates and reavers her foregoing allegations as if fully rewritten herein.

58. As a result of the discriminatory behavior alleged above, Plaintiff made a formal complaint to her immediate supervisor and the ownership of Defendant L&G Truckers, Inc. regarding sexual harassment.

59. Subsequent to making a report of harassment, Plaintiff was subjected to more harassment.

60. Defendant L&G Truckers, Inc. failed to take any corrective action regarding Plaintiff's Complaint.

61. Subsequent to Plaintiff making a formal report of sexual harassment, Defendant L&G Truckers, Inc. terminated her employment within a week of receiving the complaint.

62. Defendant L&G Truckers, Inc.'s actions were retaliatory in nature based on Plaintiff's opposition to unlawful discriminatory conduct.

63. Pursuant to 42 U.S.C. 2000e2 et seq. and O.R.C. 4112.01 et seq., it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

## COUNT IV: DEFAMATION

64. Plaintiff restates and reavers her foregoing allegations as if fully rewritten herein.

65. Defendants Sherri S. Fisher and Alyssa McDermott intentionally spread malicious rumors that Plaintiff was engaged in the production and sale of pornographic materials and selling said materials in her workplace.

66. These allegations are false.

67. Defendants made these heinous allegations with the intention of harming Plaintiff's reputation, and upon information and belief, getting Plaintiff fired by Defendant L&G Truckers, Inc.

68. Despite no evidence being produced or obtained by Defendants and Defendant L&G Truckers, Inc. previously finding this allegation to be false, Defendant L&G Truckers, Inc. has now endorsed these allegations and communicated them to third parties.

69. Plaintiff lost her job as a result of the Defendants' defamatory statements.

70. Plaintiff has suffered severe emotional distress as a result of the defamatory statements spread by Defendants.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff restates and reavers her foregoing allegations as if fully rewritten herein.

6

72. Defendants intentionally spread malicious rumors and lies about Plaintiff that were outrageous and intolerable.

73. The rumors and lies spread by Defendants offend the generally accepted standards of decency and morality.

74. The malicious rumors spread by Defendants caused the Plaintiff to lose her employment and suffer severe emotional distress.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, Danielle Carroll, demands from Defendants the following:

75. An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000.000 per claim to be proven at trial;

76. An award of punitive damages against each Defendant in an amount in excess of $25,000.00;

77. An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

78. An award of the taxable costs of this action; and

79. An award of such other relief as this Court may deem necessary and proper.

                                          Respectfully submitted,

                                          */s/ Dalton J. Smith*
                                          J. Alan Smith (0041980)
                                          Dalton J. Smith (0099159)
                                          CORY, MEREDITH, WITTER & SMITH
                                          A Legal Professional Association
                                          101 North Elizabeth Street, 6th Floor
                                          Lima, OH 45801
                                          Tele: 419-228-6365   Fax: 419-228-5319
                                          Email:  dsmith@corylpa.com
                                          Attorneys for Plaintiff

JURY DEMAND

     Now come the Plaintiff by and through her undersigned counsel, and respectfully demands a trial by jury of all issues so triable herein.

                                          */s/ Dalton J. Smith*
                                          Dalton J. Smith